agreement, the contractor agrees to complete the work by the date specified in the supplementary instructions to bidders and the supplementary instructions to bidders take precedence over the proposal, the date in the supplementary instructions to bidders is the governing completion date. ¶ LeCesse cannot complain that it was led astray by the completion date contained in the revised proposal. The agreement specifically provides that "[t]he Contractor has given the City Engineer written notice of all conflicts, errors or discrepancies that he has discovered in the contract documents and the written resolution thereof by the City Engineer is acceptable to the Contractor." Not only was there a discrepancy between the dates contained in the proposal and the supplementary instructions to bidders, but there was also a discrepancy in the proposal form signed by LeCesse. That form, in addition to specifying the November 30, 1985 completion date, also required LeCesse to complete the work by the date specified in the supplementary instructions to bidders. LeCesse was aware of these discrepancies, yet failed to bring them to the attention of the city as required by the contract documents. (Appeal from judgment of Supreme Court, Monroe County, Patlow, J. — submission of controversy.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ In the Matter of the GRAND JURY OF ONONDAGA COUNTY, FIRST REPORT OF APRIL, 1983. (Appeal No. 1.) — Order unanimously reversed and report sealed. Memorandum: This is an appeal by certain public officials of the City of Syracuse from an order of County Court directing that four Grand Jury reports be filed as public records. The Grand Jury had investigated claims of wrongdoings by public officials. ¶ County Court erred in ordering the filing. A Grand Jury report may be accepted for filing as a public record only if there is a finding of misconduct which is supported by a preponderance of credible and legally admissible evidence (CPL 190.85, subd 2, par [a]; see *Matter of Report of Special Grand Jury Empanelled February 14, 1978,* 77 AD2d 199; *Matter of Reports of Grand Jury No. 1,* 71 AD2d 1060). The evidence before the Grand Jury fails to meet this test. "Suspicion, mistrust, uncertainty, doubt, innuendo and skepticism, even though engendered by the best of motives, are not 'facts' " (*Matter of Report of September 1968 Grand Jury,* 32 AD2d 221, 224). ¶ Furthermore, the Grand Jury was not charged as to the duties and responsibilities of the particular public servants involved (see *Matter of June 1982 Grand Jury,* 98 AD2d 284; *Matter of Report [Designated A] of January III Special Grand Jury for January 1979 Term,* 81 AD2d 639). ¶ In addition, procedural errors were committed by the District Attorney in submitting certain charges to the Grand Jury and then withdrawing them without further proper instructions, leaving the jury with the impression that they could submit a report as an "inferior alternative which could be issued where the evidence failed to rise to the level sufficient to support an indictment" (*Matter of Special Grand Jury Investigation,* 79 AD2d 847). (Appeal from order of Onondaga County Court, Cunningham, J. — Grand Jury report.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ In the Matter of the GRAND JURY OF ONONDAGA COUNTY, FIRST REPORT OF APRIL, 1983. (Appeal No. 2.) — Order unanimously reversed and report sealed. Same memorandum as in *Matter of First Report of April 1983 Grand Jury* (101 AD2d 1023 [No. 52]). (Appeal from order of Onondaga County Court, Cunningham, J. — Grand Jury report.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ In the Matter of the GRAND JURY OF ONONDAGA COUNTY, THIRD REPORT OF APRIL, 1983. (Appeal No. 1.) — Order unanimously reversed and report sealed. Same memorandum as in *Matter of First Report of April 1983 Grand*

*Jury* (appeal No. 1) (101 AD2d 1023). (Appeal from order of Onondaga County Court, Cunningham, J. — Grand Jury report.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ In the Matter of the GRAND JURY OF ONONDAGA COUNTY, THIRD REPORT OF APRIL, 1983. (Appeal No. 2.) — Order unanimously reversed and report sealed. Same memorandum as in *Matter of First Report of April 1983 Grand Jury* (appeal No. 1) (101 AD2d 1023). (Appeal from order of Onondaga County Court, Cunningham, J. — Grand Jury report.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ In the Matter of the GRAND JURY OF ONONDAGA COUNTY, SECOND REPORT OF APRIL, 1983. (Appeal No. 1.) — Order unanimously reversed and report sealed. Same memorandum as in *Matter of First Report of April 1983 Grand Jury* (appeal No. 1) (101 AD2d 1023). (Appeal from order of Onondaga County Court, Cunningham, J. — Grand Jury report.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ In the Matter of the GRAND JURY OF ONONDAGA COUNTY, SECOND REPORT OF APRIL, 1983. (Appeal No. 2.) — Order unanimously reversed and report sealed. Same memorandum as in *Matter of First Report of April 1983 Grand Jury* (appeal No. 1) (101 AD2d 1023). (Appeal from order of Onondaga County Court, Cunningham, J. — Grand Jury report.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ In the Matter of the GRAND JURY OF ONONDAGA COUNTY, FIFTH REPORT OF APRIL, 1983. (Appeal No. 1.) — Order unanimously reversed and report sealed. Same memorandum as in *Matter of First Report of April 1983 Grand Jury* (appeal No. 1) (101 AD2d 1023). (Appeal from order of Onondaga County Court, Cunningham, J. — Grand Jury report.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ In the Matter of the GRAND JURY OF ONONDAGA COUNTY, FIFTH REPORT OF APRIL, 1983. (Appeal No. 2.) — Order unanimously reversed and report sealed. Same memorandum as in *Matter of First Report of April 1983 Grand Jury* (appeal No. 1) (101 AD2d 1023). (Appeal from order of Onondaga County Court, Cunningham, J. — Grand Jury report.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ In the Matter of RAYMOND BONNER, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent. — Judgment unanimously reversed and petition granted in accordance with the following memorandum: Petitioner was denied due process of law when his request to be present during the testimony of two inmates called on his behalf at a superintendent's proceeding was denied without explanation (*People ex rel. Selcov v Coughlin,* 98 AD2d 733, 735; *Matter of Tolden v Coughlin,* 90 AD2d 929, 930). Accordingly, all references to the charges should be expunged from petitioner's institutional records and 60 days lost "good time" restored to petitioner. (Appeal from judgment of Supreme Court, Wyoming County, Wolfgang, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Denman, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PAUL ERNST, Appellant. — Adjudication unanimously affirmed (see *People v Ribble,* 77 AD2d 814). (Appeal from adjudication of Livingston County Court, Houston, J. — youthful offender.) Present — Hancock, Jr., J. P., Callahan, Denman, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PIZZUTO, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant failed to preserve his claim that the search warrant and supporting